John Alexander RYAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16485.

United States Court of Appeals
Ninth Circuit.

May 13, 1960.

Youngblood & Gross, N. E. Youngblood, Beverly Hills, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Bruce A. Bevan, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and JERTBERG, Circuit Judges and KILKENNY, District Judge.

KILKENNY, District Judge.

Appellant was convicted on six counts of a twenty-one count information, charging him with violation of 18 U.S. C.A. § 220. During the period in question, appellant was an officer and supervisor of the Real Estate Loan Development Administration of Bank of America National Trust and Savings Association in Los Angeles County. Appellant does not challenge the sufficiency of the evidence to justify the convictions. He makes two assignments of error:

A. That the trial court committed prejudicial error by instructing the jury that appellant violated Title 18 U.S.C.A. § 220, even though the bank loan to the borrower was completed before appellant received the fee or gift from the borrower; and

B. That the trial court committed prejudicial error by instructing the jury that the government need not prove that appellant procured or attempted to procure the loans in question.

The statute reads:

"*Whoever*, being an officer, director, employee, agent, or attorney of any bank, the deposits of which are insured by the Federal Deposit Insurance Corporation, of a Federal intermediate credit bank, or of a National Agricultural Credit Corporation, except as provided by law, stipulates for or receives or consents or agrees to receive any fee, commission, gift, or thing of value, from any person, firm, or corporation, for procuring or endeavoring to procure for such person, firm, or corporation, or for any other person, firm, or corporation, from any such bank or corporation, any loan or extension or renewal of loan or substitution of security, or the purchase or discount or acceptance of any paper, note, draft, check, or bill of exchange by any such bank or corporation, shall be fined not more than $5000 or imprisoned not more than one year or both."

A. The amount of the fees, commissions or gifts involved is substantial. The instruction about which the appellant complains reads, in part, as follows:

"What is vital and essential to guilt is that, in point of fact, the stipulation for, or receipt of, or consent or agreement to receive, any fee, commission, gift or thing of value from any person, firm or corporation actually be for the procuring of, or the endeavoring to procure, a loan from the bank either for such person, firm or corporation, or for any other person, firm or corporation. *If that be true, then the conduct of the officer or employee involved is in violation of the statute quoted, even though the loan in question be made or approved before the date of such stipulation for, or receipt, or consent or agreement to receive the fee, commission, gift or other thing of value.*"

The appellant argues that the statute covers only those situations where the fee, gift or thing of value is received, or agreed upon, prior to or during the processing of the bank loan. He argues that the statute does not purport to embrace those situations where no fee, gift or thing of value is received until after the bank loan is made. To analyze appellant's contention we simplify the statute by the elimination of certain words and phrases to read thus:

"Whoever, being an officer * * * of any bank, * * * stipulates for or receives or consents or agrees to receive any fee, commission, gift or thing of value, from any person * * * for procuring or endeavoring to procure for such person, * * * from any such bank * * * any loan * * * shall be fined not more than $5,000 or imprisoned not more than one year or both."

■ Clearly, the statute contemplates at least four situations where a bank officer' would be violating the statute where he received a fee, gift, commission or thing of value for procuring the loan: (1) where he *stipulates* for any such emolument; (2) where he *receives* the same; (3) when he *consents to receive* the same; and (4) when he *agrees to receive* the same.

■ Any reasonable construction of the language of the statute requires a declaration that a person might violate any one or all of the prohibitions by accepting the emolument for procuring the loan after the loan had been granted.

■ The rule requiring a strict construction of penal statutes does not require that such statute be strained or distorted in order to exclude conduct clearly intended to be within its scope. United States v. Raynor, 302 U.S. 540, 58 S.Ct. 353, 82 L.Ed. 413, rehearing denied 303 U.S. 665, 58 S.Ct. 520, 82 L.Ed. 1123. Where the general purpose of legislation is manifest and subserved by giving words their ordinary meaning, the rule that criminal statutes are to be strictly construed is inapplicable. United States v. P. Koenig Coal Co., 270 U.S. 512, 46 S.Ct. 392, 70 L.Ed. 709; United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594. Although provisions of criminal statutes should be confined to their literal terms, even penal provisions of statutes must be given fair meaning in accord with the evident intent of Congress. Rainwater v. United States, 356 U.S. 590, 78 S.Ct. 946, 2 L.Ed.2d 996; United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430. Though penal laws are to be strictly construed, they

are not to be construed so strictly as to defeat the obvious intention of Congress. Arroyo v. United States, 359 U.S. 419, 79 S.Ct. 864, 3 L.Ed.2d 915. The rule of common sense must be applied to the construction of criminal statutes, the same as others. Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Karrell v. United States, 9 Cir., 1957, 247 F.2d 706; Fasulo v. United States, 272 U.S. 620, 47 S.Ct. 200, 71 L.Ed. 443.

There can be no doubt that Congress intended, by the enactment of this statute, to remove from the path of bank officials the temptation to enrich themselves at the expense of the borrowers or the bank, and also to prevent improvident loans. To adopt appellant's theory would be to emasculate some of the plain provisions of the statute. Counsel argues that the statute reads in the "prospective" rather than the "retroactive." He says that language "for procuring or endeavoring to procure * * * any loan" is in the future tense. Grammatically, this phrase has no tense and is grammatically compatible with whatever verb tense is chosen.

■ Clearly, it is a crime under the statute for one, such as appellant, to stipulate for, receive, consent or agree for a fee, gift or other thing of value, to procure or endeavor to procure a loan. The crime is committed at the time of the stipulation, receipt, consent or agreement, irrespective of the time the loan is granted.

Nothing is better settled than that in the construction of a law, its meaning must first be sought from the language employed. If that be plain, it is the duty of the courts to enforce the law as written. United States v. Standard Brewery, 251 U.S. 210, 40 S.Ct. 139, 64 L.Ed. 229. No matter how we analyze the intent of Congress in the promulgation and passage of this statute, we must arrive at the ultimate conclusion that it intended to prohibit the very act which appellant attempts to justify. The fact that Congress prohibited "gifts" would in itself force a necessary conclusion that such gifts were prohibited whether be-

fore or after the closing of the loan. The challenged instruction correctly states the law.

B. For his second assignment of error the appellant complains of an instruction which reads, in part, as follows:

"* * * It is not essential to conviction that the plaintiff prove that the defendant did actually procure or endeavor to procure the loan described. Evidence that he did actually procure or endeavor to procure such loan, if and to the extent that you find such evidence to exist, may indeed be considered by you as reflective of the defendant's object and purpose in his acts, if and to the extent that you find he performed any acts. But the defendant is not in this case charged with, or being prosecuted for, the procurement of, or the attempt to procure, any loan from Bank of America National Trust and Savings Association."

On at least five occasions, prior to the giving of the above instruction, the judge instructed the jury that defendant could not be convicted of a violation of the statute unless he received the fee, commission, gift or other thing of value for procuring or endeavoring to procure the loan described. Assuming, arguendo, that the instruction was in conflict with the prior instructions, and was academically erroneous, nevertheless, we feel there are two reasons why the giving of such instruction does not constitute reversible error.

█ 1. The evidence is undisputed that the loans mentioned in the counts on which the appellant was convicted were actually made and that the appellant procured such loans. There was no factual issue on whether the loans were actually procured.

█ Error in the charge to the jury, which does not affect the substantial rights of the accused, is not ground for reversal. Guy v. United States, 1940, 71 App.D.C. 89, 107 F.2d 288; Paddy v. United States, 9 Cir., 1944, 143 F.2d

847, certiorari denied 324 U.S. 855, 65 S.Ct. 711, 89 L.Ed. 1414. Where the jury cannot be misled by the erroneous instruction, the conviction must stand. Wagner v. United States, 5 Cir., 1948, 171 F.2d 354, certiorari denied 337 U.S. 944, 69 S.Ct. 1499, 93 L.Ed. 1747; Roubay v. United States, 9 Cir., 1940, 115 F.2d 49. In criminal cases, as well as civil cases, mere technical errors which do not affect the substantial rights of the parties are not sufficient to set aside a conviction unless a constitutional right is infringed. Starr v. United States, 1958, 105 U.S.App.D.C. 91, 264 F.2d 377, certiorari denied 359 U.S. 936, 79 S.Ct. 652, 3 L.Ed.2d 639, rehearing denied 359 U.S. 999, 79 S.Ct. 1122, 3 L.Ed.2d 987.

Since the evidence is undisputed that the loans were made by the bank and actually procured by appellant, the instruction, even if erroneous, would not justify setting aside the verdict.

█ 2. Appellant failed to take an exception to the challenged instruction. On the other hand, the record indicates that counsel for the appellant was satisfied with the instructions, other than on one point raised in connection with Count 18. That point is not before us.

Rule 30, Rules of Criminal Procedure, 18 U.S.C.A., provides, in part:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Where defendant makes no objection to the court's charge and no exceptions are taken, defendant could not complain of the court's charge for the first time on appeal. Nemec v. United States, 9 Cir., 1949, 178 F.2d 656, certiorari denied 339 U.S. 985, 70 S.Ct. 1006, 94 L.Ed. 1388; Harris v. United States, 9 Cir., 1958, 261 F.2d 897; Davenport v. United States, 9 Cir., 1958, 260 F.2d 591, certiorari denied 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573; Pool v. United States, 9 Cir., 1958, 260 F.2d 57.

Appellant recognizes this roadblock with which he is faced and asks us to disregard it and consider the alleged error in the light of Rule 52(b) of the Federal Rules of Criminal Procedure. This same rule enjoins us to disregard a harmless error. We have already held that the error, if any, in giving this instruction was harmless and that no substantial right of the appellant was affected. Rule 52(b) should not be invoked unless the error affects substantial rights. Beale v. United States, 5 Cir., 1959, 263 F.2d 215; Affronti v. United States, 8 Cir., 1944, 145 F.2d 3; Blodgett v. United States, 8 Cir., 1947, 161 F.2d 47; Sang Soon Sur v. United States, 9 Cir., 1948, 167 F.2d 431.

The judgment of conviction is affirmed.