**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jerry Lee HENDRICKS, Defendant-Appellant.**

**No. 71–1598.**

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1972.

Rehearing Denied April 4, 1972.

Michael P. Balaban (argued), Beverly Hills, Cal., for defendant-appellant.

David H. Anderson, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, DUNIWAY and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge:

EUGENE A. WRIGHT, Circuit Judge:

Hendricks was charged with nine counts of possession and sale of heroin. It was alleged that, on three separate occasions in October and November 1969, Hendricks received, concealed, and sold heroin to a government agent, in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4705(a).

On appeal Hendricks attacks the entrapment instruction given by the trial court judge, arguing that an alternative instruction on that subject should have been given.

We consider only the sale on October 28, 1969. Special Agent Chemes of the Federal Bureau of Narcotics and Dangerous Drugs testified that he was introduced to Hendricks on the evening of October 28 by one Angelo Provenzano, an informant. They met at the Daisy Mae Bar in Santa Ana, California.

A transaction had already been arranged whereby Hendricks would sell an ounce of heroin to Chemes. Chemes asked if Hendricks had the narcotics and the latter replied that they were hidden in the parking lot outside the tavern. Hendricks offered to sell the heroin for $450, stating that this price would leave him with a profit of only $25.

The three men then left the tavern, Provenzano and Chemes entering the informant's car while Hendricks went to the rear of the parking lot. The informant and the agent then left the car and walked to the rear of the lot to meet Hendricks. Hendricks handed Provenzano a red Marlboro cigarette carton containing one ounce of heroin.

The three returned to and entered the informant's vehicle. Provenzano immediately handed the carton to Chemes, and began to drive the car around the block. Chemes counted out $450 and paid it directly to Hendricks.

When the trio arrived back at the tavern, Hendricks left the car with the money and drove away in his own vehicle.

Hendricks' version was significantly different. He testified that Provenzano had told him that he (Provenzano) wanted to sell heroin to people he feared might rob him. Provenzano asked Hendricks to "accommodate him when he made the sale," i. e., just to come along and be present so that the purchaser would not be tempted to take the heroin without paying for it.

Provenzano then called Hendricks and told him to come to the Daisy Mae Bar on the evening of the 28th. Hendricks was to receive $50 for his presence.

After Provenzano introduced Hendricks to "those men," Provenzano and Hendricks walked outside to the rear of the parking lot, apparently followed by

the purchaser or purchasers. Provenzano "went over and put his hand inside a hole in a brick wall and pulled out a Marlboro package. . . . He handed it to the men and they paid him." Hendricks then left in his own car.

On cross-examination Hendricks denied that he had previously seen the package containing the heroin. He denied knowing it was located in the hole in the wall, denied handing the package to Provenzano or to the agent, and denied touching the package at all.

He admitted handling the money. However, he stuck to his story that the agent had paid Provenzano directly. He said Provenzano took the money from the agent, walked to Hendricks' car after Hendricks had climbed inside, and passed the money to Hendricks through the window. Hendricks was apparently to take the money only temporarily for safekeeping.

 It is well settled that the defense of entrapment is available only to one who admits the crime charged. United States v. Rodriquez, 446 F.2d 859 (9th Cir. 1971); Chisum v. United States, 421 F.2d 207 (9th Cir. 1970); Ortega v. United States, 348 F.2d 874 (9th Cir. 1965); Dunbar v. United States, 342 F. 2d 979, 982 (9th Cir. 1965); Eastman v. United States, 212 F.2d 320 (9th Cir. 1954).

Although defense counsel in his opening and closing statements argued that Hendricks admitted all the offenses charged, it is clear from the testimony summarized above that Hendricks did not in fact do so.

Under Hendricks' version of the events of October 28, he was present merely to "accommodate" his friend. He did not handle the narcotics; he did not negotiate the price; and he handled the money only after the transaction had been completed and then only temporarily for safekeeping.

Under the government version Hendricks possessed the narcotics, negotiated the price, and received the money directly.

The jury's verdict of guilty on Counts I–III (those dealing with the October 28 sale) establishes that it credited the testimony of the agents, not that of appellant.

We have held that one who minimizes his role in a narcotics transaction by trying to portray himself as a mere errand boy who "fetched" the contraband is not entitled to an entrapment instruction. He is not permitted to plead entrapment to any count while at the same time denying the offense charged in that count. Dunbar v. United States, *supra,* 342 F.2d at p. 982. This was the holding in *Dunbar* even though the appellant there admitted handling both the narcotics and the money.

 In the case before us we hold that Hendricks was not entitled to an entrapment instruction under Count I, charging possession on the night of October 28, 1969, because he denied possession. Since Hendricks was not entitled to any entrapment instruction on this count, the giving of the standard entrapment instruction rather than the variant form sought by him was not reversible error. The conviction under Count I is affirmed.

 Because the sentences under the subsequent counts were concurrent, it is not necessary for us to consider the validity of those convictions. United States v. Ketola, 455 F.2d 83 (9th Cir. 1972); United States v. Moore, 452 F.2d 576 (9th Cir. 1971).

Affirmed.