**UNITED STATES of America,
Appellee,**

v.

**Harlan LANE, Appellant.**

**No. 71–1664.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1972.

Decided June 14, 1972.

Certiorari Denied Oct. 10, 1972.
See 93 S.Ct. 127.

Leon B. Catlett, Little Rock, Ark., Catlett & Henderson, Little Rock, Ark., for appellant.

Sidney H. McCollum, Asst. U. S. Atty., Little Rock, Ark., W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before Mr. Justice CLARK,* MATTHES and LAY, Circuit Judges.

CLARK, Associate Justice.

The appellant, Chairman of the Board of Directors of Union National Bank, stands convicted by a jury of violation of Section 215 of Title 18 of U.S.C.A. which makes it an offense for an officer or director of any bank, the deposits of which are insured by the Federal Deposit Insurance Corporation to stipulate for, receive, or consent to receive "any fee, commission, gift or thing of value from any person, firm or corporation for procuring . . . any loan . . . ." He made a $1,000,000 loan to Wheel-Air Inc. on behalf of the Bank, and Wheel-Air paid a commission of $125,000 for procuring the loan to La-Co Inc., of which appellant was the Chairman of the Board of Directors and controlling stockholder. Two errors are claimed: (1) The jury was instructed that it might find the appellant guilty if it found that he stipulated for the payment of the commission even though the commission was to be paid to La-Co, rather than to or for the benefit of appellant personally; and (2) that the information on which the offense was based, charged appellant with stipulating for a commission to be paid to him personally, whereas the proof was that it was actually paid to La-Co Inc. Neither of the points has merit, and the judgment is affirmed.

* The Honorable Tom C. Clark, Associate Justice of the United States Supreme Court, Retired, sitting by special designation.

 

1. We take up the latter contention first. The Information, aside from its jurisdictional affirmance, charged that appellant "knowingly and unlawfully did stipulate for a fee, commission and thing of value from Wheel-Air Inc. . . ." for procuring for Wheel-Air Inc. a loan from said Union National Bank. The language is that of the Act and certainly does not state or in any wise imply that appellant stipulated for a commission to be paid to appellant personally. Indeed, if there was any ambiguity which we do not see, the appellant had recourse to a bill of particulars which he did not pursue. On the contrary, the words are of such specificity that appellant was able to and did prepare his defense with such effectiveness that this is his second trial on the charge, his first conviction based on the indictment having been set aside by the court because of error claimed by the appellant.

2. Nor does the second claim have any merit. It seems clear to us that the purpose of the Act was to protect the deposits of banks having federal insurance by preventing unsound and improvident loans to be made from such deposits by officers and directors of the bank. The Congress was not interested in who received the commission but was merely insulating loan transactions from the influence of such a practice. When a commission is stipulated by an officer of a bank, the probability is that his judgment on the merits of the loan is adversely affected tremendously. This evil is not removed by a stipulation that provides for payment of a commission to a third party, especially where an interest in the third party is traceable directly to the banker. In such a case, the banker is violating a position of trust that he owes to the bank. This position is buttressed by the fact that Section 215 is found in the Bribery, Graft and Conflicts of Interests Chapter of the Title (Chapter XI). Here, the record clearly shows that appellant was influenced in making the loan by the payment to La-Co. A $1,000,000 loan was made to a 26-year old youth without investigation and secured by a wrecked airplane, under terms that were illegal under the state usury laws.

Moreover, the use of the disjunctive "or" by the Congress between the words "stipulate for" and "receive" in the statute reveals a clear intent to make either one an offense, thus protecting the deposits of a bank so insured not only from commissions to be received by third parties but those that are stipulated for the banker personally. Even the strictest of construction could permit no different result. Congress has clearly said what it meant and it is not for us to say that it did not mean what it said.

Affirmed.