UNITED STATES of America,
Plaintiff-Appellee,

v.

Carl THOMPSON, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Steven TERESI, Jr., Defendant-Appellant.

Nos. 73–1847, 73–1018.

United States Court of Appeals,
Ninth Circuit.

March 12, 1974.

T. Roger Duncan, of Hollywood, Cal., for defendants-appellants.

William D. Keller, U. S. Atty., Eric A. Nobles, and Irving Prager, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and TRASK, Circuit Judges, and JAMESON,[*] District Judge.

TRASK, Circuit Judge:

Following a jury trial, appellants Teresi and Thompson were convicted of violating 21 U.S.C. § 176a, which made unlawful conspiring to import marijuana into the United States.[1] After examining each allegation of error asserted by appellants, we find that the proceedings below were free from any prejudicial error and affirm both convictions.[2]

Appellants were indicted with three other individuals on July 14, 1971, for conspiring to smuggle marijuana during the years 1969–1971. As demonstrated at the trial, however, the actual duration of the conspiracy extended from November 1969 to February 1970.

Prior to the trial, one defendant, Moore, pleaded guilty and became a Government witness. In addition to Moore, several coconspirators who had not been indicted testified that in 1969 Thompson had instructed them to engage boats which could be employed in smuggling marijuana; that in January 1970, Thompson, Moore, and Teresi went to Mexico to supervise the shipment of marijuana; and that, although the marijuana was subsequently transferred to another boat, the shipment was eventually delivered to Long Beach, California, where, on or about February 11, 1970, it was distributed by Thompson, Teresi, and Moore. In 1971, appellants were arrested and charged with conspiracy to smuggle marijuana. The marijuana in question was never seized by the Government and, accordingly, no marijuana was introduced as evidence at appellants' trial.

---

[*] Honorable William J. Jameson, Senior United States District Judge, for the District of Montana, sitting by designation.

[1.] The statute was repealed in 1970. Act of Oct. 27, 1970, Pub.L.No.91–513, tit. III, pt. B, § 1101(a)(2), 84 Stat. 1291.

[2.] At oral argument, counsel for appellant Teresi asserted his belief based upon unofficial information that Teresi is now deceased. Counsel was given 10 days within which to verify this belief. No such verification has been submitted to the court, and we decline to assume the existence of Teresi's death as fact.

On appeal, both Thompson and Teresi contend that it was erroneous not to dismiss the indictment since, allegedly, portions of the grand jury proceedings were not recorded. In addition, Teresi challenges the adequacy of discovery accorded him in this case, the District Court's denial of his motion for a new trial without an evidentiary hearing, and the propriety of the instructions given to the jury.

### Selective Recordation of Grand Jury Proceedings

■ Prior to the commencement of grand jury proceedings, appellant Thompson, through counsel, wrote to the United States Attorney and requested that all such proceedings be recorded. Relying upon United States v. Thoresen, 428 F.2d 654, 665–666 (9th Cir. 1970), both appellants argue that any failure to comply with this request "should not be tolerated" by this court. Appellants allege that there was selective recordation; specifically, that there was testimony by federal investigative agents which was not recorded. This is wholly speculative; indeed, the Government answers that the "testimony of every witness who appeared before the Grand Jury in this case was recorded."[3] Even if one assumes the presence of selective recordation, however, the appellants have failed to demonstrate the "clear indication" of prejudice that Thoresen requires before an indictment may be dismissed for failure to record grand jury proceedings. Thoresen, supra at 666; accord, United States v. Price, 474 F.2d 1223, 1226 (9th Cir. 1973). Appellants speculate that a Government agent testified before the grand jury. Even if this were true, no such agent testified at the appellants' trial. In this regard, it is instructive to contrast this case with Lenske v. United States, 383 F.2d 20 (9th Cir. 1967), in which selective recordation, similar to that alleged here,

was severely criticized. 383 F.2d at 24–25 (dictum). The prejudice in Lenske was clear: The agent who had testified at the grand jury proceedings did, in fact, later testify at the defendant's trial; the lack of recorded grand jury testimony precluded effective cross-examination. Id. In the present case defendants' counsel acknowledged at oral argument that copies of the transcripts of all trial witnesses who had testified before the grand jury were submitted to the trial court and to defense counsel a day or so before trial. They were therefore available to the defense for examination while the witnesses were available for cross-examination. Dennis v. United States, 384 U.S. 855, 875, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

■■ Appellants also seek to establish prejudice attributable to alleged nonrecordation by conjecturing that the grand jury was presented hearsay testimony prior to the return of its indictment. It is true that in United States v. Arcuri, 405 F.2d 691 (2d Cir. 1968), cert. denied, 395 U.S. 913, 89 S.Ct. 1760, 23 L.Ed.2d 227 (1969), and United States v. Gramolini, 301 F.Supp. 39 (D. R.I.1969), the deliberate use of hearsay before the grand jury, when direct testimony was available, was criticized and recognized as a possible basis for dismissal of the indictment. 405 F.2d at 693–694; 301 F.Supp. at 42–43. In this case, however, there has been no showing that hearsay testimony was so used; indeed, the Government notes that several participants in the conspiracy testified before the grand jury. Nonetheless, this circuit has not yet so limited Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), wherein an indictment issued by a grand jury before which only hearsay testimony was elicited was held sufficient. See United States v. Fox, 425 F.2d 996, 1001 (9th Cir. 1970). Thus, even if

---

3. Brief of Appellee, United States v. Thompson, at 6; Brief of Appellee, United States v. Teresi, at 7, making reference to pages of

the reporter's transcript of the trial where defendants' counsel referred to grand jury testimony in cross-examination.

hearsay testimony was presented before this grand jury, in order for an indictment procured partially by incompetent evidence to be dismissed on appeal, *Fox* requires a showing that the trial court abused its discretion in failing to do so. *Id.* Given the presence here of substantial direct evidence before the grand jury, such a showing has not been made.

■ Appellants further contend that partial nonrecordation in this case resulted in prejudice since, at their trial, they were "confronted with testimony from witnesses who did not testify before the grand jury." On the contrary, there is no requirement that all witnesses who testify at a trial must previously testify before the grand jury which indicts the defendant. United States v. Nasse, 432 F.2d 1293, 1305 (7th Cir. 1970), cert. denied, 401 U.S. 938, 91 S. Ct. 927, 28 L.Ed.2d 217 (1971).

### Adequacy of Discovery

■ Since there had been no seizure of marijuana in this case, there were no scientific tests on the substance that could be discovered by appellant Teresi. Furthermore, as will be discussed *infra*, the presence of marijuana was not material to this prosecution for *conspiracy* to smuggle marijuana. Hence, Teresi's request to discover the results of any tests made on the substance did not satisfy the "relevancy" requirement of Fed.R. Crim.P. 16(a) or the "materiality" requirement of Fed.R.Crim.P. 16(b).

■ The denial of appellants' pretrial motion for disclosure of grand jury testimony was proper since there was no demonstration of any "particularized need" to examine the testimony at that time.[4] Dennis v. United States, 384 U. S. 855, 872–873, 86 S.Ct. 1840, 16 L.Ed. 2d 973 (1966); United States v. Parker, 469 F.2d 884, 888–889 (10th Cir. 1972); United States v. Cole, 449 F.2d 194, 198

(8th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 987, 30 L.Ed.2d 806 (1972). Counsel for appellants were provided copies of relevant testimony before the grand jury during the course of the trial and in time to facilitate effective cross-examination. Absent any express need for earlier disclosure, this was all that was necessary. *Dennis, supra* at 875, 86 S.Ct. at 1840.

■■ The District Court's denial of Teresi's motion for a witness list was not erroneous; in a noncapital case such as this, there is no entitlement to such a list prior to trial. United States v. Glass, 421 F.2d 832, 833 (9th Cir. 1969). Appellant Teresi further objects to the "concealment" of certain Government witnesses during pretrial proceedings. The seclusion of such witnesses, however, was consistent with the lack of any requirement to disclose the identities of Government witnesses prior to trial. United States v. Glass, *supra*. Such a procedure is also properly authorized by Fed.R.Crim.P. 16(d), (e).

■ Teresi alleges that it was erroneous to deny him the opportunity, upon cross-examination of "the government witnesses," to discover the current addresses of these witnesses. The appellee answers that such an objection was made during the trial, but was made with regard to only one witness. Indeed, this is consistent with the relevant motion filed by Teresi below. C.T. at 155. The appellee further represents that this information was provided to the appellant.[5] Assuming that the information was not so provided, however, the foreclosure of this inquiry on cross-examination, although erroneous, Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), was harmless. In *Smith*, the "only real question at the trial" was the relative credibility of the defendant and the prosecution witness

---

4. In appellants' Motion for Pretrial Discovery, counsel merely stated that he "seeks these transcripts and records in order to prepare, among other things, for the trial as well as the motion to dismiss." C.T. at 44. This contrasts sharply with the "particular-

ized need" evident in *Dennis*. *Dennis, supra* at 872–873, 86 S.Ct. at 1840.

5. Brief of Appellee, United States v. Teresi, at 11.

whose address was not disclosed. *Smith, supra* at 130. Here, in addition to the witness whose address was sought, eight accomplices testified as Government witnesses at Teresi's trial.

*Denial of Teresi's Motion for a New Trial*

 The decision whether or not to conduct an evidentiary hearing to consider a motion for a new trial is a matter of discretion. United States v. Clay, 476 F.2d 1211, 1216 (9th Cir. 1973). Moreover, for a new trial motion to be granted, the movant must show that the newly discovered evidence is not merely cumulative and would "probably produce an acquittal." *Id.* at 1215. Teresi's "newly discovered evidence" was a possibility that two witnesses, in exchange for their testimony, had been promised a dismissal of criminal charges against them. The testimony of these two witnesses was not significant as to appellant Teresi.[6] Given the presence of other testimony sufficiently establishing the existence of the conspiracy, and Teresi's participation in it, one cannot say that the use of the "newly discovered evidence" to attempt to impeach the credibility of these witnesses would, even if the impeachment were successful, "probably produce an acquittal." Appellant's motion for a new trial was properly denied. *Cf.* Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

*Teresi's Jury Instructions*

 Appellant requested a jury instruction to the effect that, if the jury should find his codefendant Thompson not guilty by reason of insanity,[7] then Teresi could not be considered a member of the conspiracy until it was shown that Teresi had conspired with one who was mentally competent. Since Thompson was found guilty, the refusal to give this instruction, even if assumed to be erroneous, was harmless. Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); Sang Soon Sur v. United States, 167 F.2d 431, 433 (9th Cir. 1948).

 Teresi also appeals the denial of his requested instruction that the object smuggled as a result of this conspiracy must have been proved to have been marijuana. Appellant contends that, since this is a specific intent charge to violate the federal narcotics law, "there could be no conspiracy to violate the marijuana laws" unless the substance in question was in fact marijuana. Yet the crime of conspiracy is complete upon the agreement to violate the law, as implemented by one or more overt acts (however innocent such may be), and is not at all dependent upon the ultimate success or failure of the planned scheme. United States v. Rabinowich, 238 U.S. 78, 86–88, 35 S.Ct. 682, 59 L.Ed. 1211 (1915); Toliver v. United States, 224 F.2d 742, 744 (9th Cir. 1955). Thus, whether or not the substance involved was marijuana is irrelevant. Accordingly, although the jury received inconsistent instructions concerning the necessity for proof of actual marijuana,[8] this was harmless error.

---

6. *See* R.T. at 2029–30. The witnesses, Nicholas and Edward Saenz, testified primarily about several meetings that they had attended with Thompson and other unindicted co-conspirators in which plans to smuggle marijuana were discussed.

7. Thompson's defense below was that, at the time these smuggling activities occurred, he was legally incompetent because of extensive drug usage.

8. At one juncture the court charged the jury:
"[P]roof that marijuana was in fact obtained or imported is not required, it being sufficient if the plaintiff prove beyond a reasonable doubt that defendants knowingly and intentionally conspired to do any of the acts forbidden by the statute." R.T. at 2083.
Subsequently, however, the court stated:
"In the indictment it is alleged that a particular amount or quantity of marijuana was involved. The evidence in the case need not establish that the amount or quantity of marijuana was as alleged in the indictment, but only that some measurable amount of marijuana was in fact the subject of the acts charged in the indictment." R.T. at 2091.

Ryan v. United States, 278 F.2d 836, 839 (9th Cir. 1960).

Teresi further contends that he was entitled to a jury instruction which would indicate that 18 U.S.C. § 371 (the general conspiracy statute) was a lesser included offense of 21 U.S.C. § 176a (conspiracy to smuggle marijuana). Since both these statutes might be applied to the same criminal conduct, the particular statute (21 U.S.C. § 176a) renders the other, general statute irrelevant. Conerly v. United States, 350 F. 2d 679, 681–682 (9th Cir. 1965), cert. denied, 382 U.S. 1018, 86 S.Ct. 638, 15 L.Ed.2d 534 (1966); Enzor v. United States, 262 F.2d 172, 174 (5th Cir. 1958), cert. denied, 359 U.S. 953, 79 S. Ct. 740, 3 L.Ed.2d 761 (1959).

Appellant's final argument relates to the denial of his requested entrapment instruction. Since Teresi did not admit the acts constituting the crime charged, however, the defense of entrapment was not available to him. United States v. Hendricks, 456 F.2d 167, 169 (9th Cir. 1972).

The convictions of both appellants are affirmed.