UNITED STATES of America, Plaintiff,

v.

Carl Lee ETHERIDGE, Defendant.

Cr. No. 76–51–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

June 14, 1976.

Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

Frederick T. Stant, Jr., Norfolk, Va., for defendant.

## OPINION

KELLAM, District Judge.

Charged in a one count indictment with a violation of 18 U.S.C. § 215, receiving and agreeing to receive a sum of money as a fee and commission for procuring and endeavoring to procure a loan from a bank of which he was an officer, the defendant, with the concurrence of his counsel, and the United States Attorney have submitted the case to the Court on stipulated facts.

### I

It is stipulated that at the time in question defendant was an officer of a national bank and that the deposits of said bank are insured by the Federal Deposit Insurance Corporation; that application was made to said bank for a Small Business Administration (SBA) loan in the sum of $110,000.00; that defendant informed the borrower that before he could recommend the loan, a guarantor of $25,000.00 of the loan would be required; that defendant told borrower a person had agreed to guarantee said portion for a fee of $4,000.00. Further, that before the loan was closed, defendant called a party requesting him to guarantee $25,-000.00 of the loan for a fee of $4,000.00; that defendant told that party that the SBA had guaranteed a substantial portion of the loan; and that he would be released as guarantor after a few payments had been made on the loan; that defendant would indemnify such guarantor for one-half of the liability which the guarantor might incur, for which defendant was to receive one-half of the aforesaid fee. The guarantee was executed by the party. The borrower received the loan, delivered to defendant $4,000.00 in cash, and defendant delivered $2,000.00 of that sum to the guarantor. Shortly after the $4,000.00 was delivered by the borrower to defendant, defendant deposited $2,000.00 in his savings account with a different bank from the one with which he was employed.

### II

In *United States v. Lane*, 464 F.2d 593 (8th Cir. 1972), cert. denied 409 U.S. 876, 93 S.Ct. 127, 34 L.Ed.2d 129, Mr. Justice Clark writing for the Court, at page 595, described the purpose of the statute thusly:

It seems clear to us that the purpose of the Act was to protect the deposits of banks having federal insurance by preventing unsound and improvident loans to be made from such deposits by officers and directors of the bank. The Congress was not interested in who received the commission but was merely insulating loan transactions from the influence of such a practice. When a commission is stipulated by an officer of a bank, the probability is that his judgment on the merits of the loan is adversely affected tremendously. This evil is not removed by a stipulation that provides for payment of a commission to a third party,

especially where an interest in the third party is traceable directly to the banker. In such a case, the banker is violating a position of trust that he owes to the bank.

■ It is of no consequence that the money was not paid until after the loan had been made, or that borrower did not know the bank officer was sharing in the fee. The *Lane* case, *supra,* made it clear that under the statute it is a violation for one to "stipulate for" or "receive" a fee, thus protecting the deposits of a bank so insured, not only from commissions to be received by third parties, but those that are stipulated for the banker personally.

■ An earlier case of *Ryan v. United States,* 278 F.2d 836 (9th Cir. 1960), dealt in detail with an interpretation and construction of the statute. It pointed out that the "crime is committed at the time of the stipulation, receipt, consent or agreement, irrespective of the time the loan is granted." 278 F.2d 838. A violation occurs when a defendant (1) stipulates for any emolument; or (2) where he receives the same; or (3) when he consents to receive the same; or (4) when he agrees to receive the same. The doing of any one of the above acts, after the loan was granted, constituted a violation. There the Court pointed out that it was a crime under the statute for one, such as defendant, to stipulate for, receive, consent or agree for a fee, gift, or other thing of value, to procure or endeavor to procure a loan.

■ Here it is clear there was an agreement, stipulation, and consent to the fee for procuring the loan, and that it was received by the defendant.

The evidence establishes the guilt of the defendant beyond a reasonable doubt.