**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Estelle Gomez GLASS, Defendant-Appellant.**

**No. 24336.**

United States Court of Appeals Ninth Circuit.

Dec. 30, 1969.

Harold C. Wheeler (argued), Tucson, Ariz., for appellant.

Ann Bowen (argued), Jo Ann D. Diamos, Asst. U. S. Attys., Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLIN, DUNIWAY and CARTER, Circuit Judges.

HAMLIN, Circuit Judge.

In an indictment filed in the United States District Court for the District of Arizona it was charged in the second count that appellant (and two others) "did knowingly, willfully, feloniously and unlawfully purchase and have in their possession * * * approximately two (2) grams of heroin, the said quantity of heroin being then and there not in the original stamped package * * * in violation of section 4704(a) of Title 26, United States Code."[1] After a jury trial, appellant was convicted of the second count[2] and he has filed a timely appeal

1. "It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

2. The other two persons charged were acquitted in both counts and appellant was acquitted of Count I.

to this court which has jurisdiction under 28 U.S.C. § 1291.

The evidence showed, *inter alia*, the following facts. At the time of appellant's arrest he was driving an automobile in Arizona. However, the automobile had previously been under surveillance across the border in Mexico and had been seen parked at a place operated by known narcotics dealers. When the automobile had crossed the border into Arizona it was followed by federal agents. Eventually, they drew alongside the automobile on the left hand side, turned a light on appellant who was driving, and saw appellant put something in his mouth, chew it, spit it out into his hand, and attempt to put his hand out the window of the automobile. He then put his hand back to his mouth and was chewing again. When appellant's car was finally stopped, it was searched and a small balloon was found on the floor of the car on the driver's side. Later, another balloon which was wet was found along the side of the highway over which appellant had driven the automobile. Both of these balloons were introduced into evidence and there was testimony that each of them contained heroin.

Appellant's contentions may be summarized as follows:

1. Was appellant entitled to a list of the government's witnesses prior to trial?

2. Did the court allude to a three-count indictment?

3. Did a trial on an indictment which listed Count I and Count III prejudice the appellant?

4. Was appellant prejudiced when the government was allowed to reopen its case?

5. Did the government establish the lack of tax stamps on the heroin?

6. Were the instructions on the inferences provided by the statute properly given?

We shall discuss these issues generally in the order set out above.

■ *Issue 1.* Appellant was not entitled to a list of the government witnesses prior to trial. Rodella v. United States, 286 F.2d 306 (9th Cir. 1960), cert. denied 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199 (1961); United States v. Chase, 372 F.2d 453 (4th Cir.), cert. denied 387 U.S. 907, 913, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); Rosenzweig v. United States, 412 F.2d 844 (9th Cir. 1969).

■ *Issues 2 and 3.* There are only two counts in the indictment, but the second count was erroneously labeled "Count III." The indictment was given to the jury and it contained only two counts, although the count of which appellant was convicted was labeled Count III. He was acquitted of Count I. Appellant was in no way prejudiced by the fact that the second count was erroneously marked Count III or that the court alluded to it as Count III.

■ *Issue 4.* After the government had rested its case and before the defense had presented any evidence, the court, upon request, permitted the government to reopen its case and introduce some further proof. This was within the discretion of the district court and we see no error or prejudice to the appellant.

■ *Issue 5.* The heroin itself which had been in the possession of the appellant was introduced into evidence. No contention was made by appellant that there were any tax stamps attached to it. In fact, on oral argument in this court, counsel conceded that no stamps were attached to the heroin. Its exhibition to the jury is sufficient to establish a statutory requirement. See Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959).

■ *Issue 6.* The appellant now objects to certain of the instructions given by the court on the question of inferenc-

**834**

es. At the trial no objection was made by appellant to these instructions. We have examined them, however, and find no error.[3]

Judgment is affirmed.

---

3. See Morgan v. United States, 391 F.2d 237 (9th Cir.) cert. denied, 393 U.S. 853, 89 S.Ct. 91, 21 L.Ed.2d 122 (1968); Harris v. United States, *supra*.