UNITED STATES of America,
Plaintiff,

v.

Kermit Burdine STUBBLEFIELD,
Defendant.

Crim. A. No. 7185.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 2, 1971.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Robert E. Simpson, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

James E. Brading, Johnson City, Tenn., Court-appointed, for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Court, having become aware of an issue as to the mental competency of the defendant Mr. Stubblefield to stand trial, through the application of his counsel for the services under the Criminal Justice Act of a psychiatrist to examine him as to his mental condition, and perceiving it to be a judicial duty to ascertain such competency before trial, the Court ordered *sua sponte* and conducted an evidentiary hearing on that issue on February 25, 1971. The sole witness was Dr. H. B. Dearman, stipulated by counsel to be a physician qualified by education and experience to express an expert psychiatric opinion.

Dr. Dearman examined Mr. Stubblefield on November 30, 1970 and was of the opinion that the defendant knows he has the right to choose and assist counsel, to act as a witness in his own behalf, to confront opposing witnesses, is capable of understanding the nature of the charge and the object of the proceedings against him, rightly comprehends his own situation with reference to these proceedings, can conduct his defense in a rational manner, and can cooperate with his attorney in the examination of witnesses, except that Mr. Stubblefield was suffering, between the hours of 10:00 o'clock, a. m. and 7:30 o'clock, p.

m., October 5, 1970, when the crime herein allegedly was committed, from amnesia from alcoholic addiction and had no memory of the acts with which he is charged in this indictment. It was the opinion of Dr. Dearman that one suffering an alcoholic blackout fails to comprehend the consequences of what he may be doing while in that condition, has no care about such acts, and harbors no impression during that time whether his acts are wrongful, be they criminal or not.

■ That Mr. Stubblefield may have been intoxicated at the time of the commission of the crime charged herein may negate the existence of the requisite specific intent and presents an issue for the jury on trial, which may be supported by the expert testimony aforementioned of Dr. Dearman. United States v. Leeper, C.A. 8th (1969), 413 F.2d 123, 127[1]. The test at the present stage of the proceedings, however, is whether Mr. Stubblefield "* * * has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him. * * *" Dusky v. United States (1960), 362 U.S. 402, 80 S.Ct. 788, 15 L.Ed.2d 824, 825 (headnote 1). "* * * In short, emphasis is on capacity to comprehend the proceedings, and lower courts have recognized that this is by no means the same test as those which determine criminal responsibility at the time of the crime. [Footnote reference omitted.] The question, then, is not whether the facts before the trial judge * * *" suggest that Mr. Stubblefield's "* * * crime was an insane act but whether they * * *" suggested "* * * [that] he * * *" was "* * * incompetent to stand trial. * * *" Pate v. Robinson (1966), 383 U.S. 375, at 388, 86 S. Ct. 836, at 844, 15 L.Ed.2d 815, at 824 [5], dissenting opinion of Mr. Justice Harlan.

■ This Court has no difficulty in finding and concluding, as it does, that Mr. Stubblefield has a rational as well as a factual understanding of the proceedings against him; and, unless the amnesia the defendant may suffer prevents his remembering the acts he is alleged in the indictment to have committed, that Mr. Stubblefield has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. The Court is confronted, however, with the distinct possibilities that (a) the defendant's amnesia may affect his ability to consult with and assist his lawyer; (b) that he may be unable to testify in his own behalf, should he so elect; (c) that, should the jury find Mr. Stubblefield guilty as charged, the prosecution's case against him might not be strong enough to guarantee in the light of his amnesia his guilt beyond a reasonable doubt; and consequently, (d) that Mr. Stubblefield might be deprived of the fair trial to which he is entitled.

These considerations render it imperative that the prosecution assist the defendant and his counsel in reconstructing, extrinsic to the defendant's recollection, the evidence in suit relating to the crime charged as well as any reasonably possible alibi or other defense. *Cf.* Wilson v. United States (1968), 129 U.S. App.D.C. 107, 391 F.2d 460, 463–464 [5]. Under these special circumstances, limited to the showing in this particular case, the Court hereby orders the prosecution attorneys herein to open their files forthwith to defense counsel as to all matters relating to the evidence of the crime charged and any reasonable defense and to keep those files open continually to defense counsel until, during and after the trial herein. It is the intention of this order that both prosecuting and defense counsel cooperate to the fullest extent in such reconstruction, compatible with the defendant's superior interest in the confidential representation of his attorney.