UNITED STATES of America, Plaintiff-Appellee,

v.

Alvis Patrick DARAS, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

James Scott KIDD, Defendant-Appellant.

Nos. 72–1090, 72–1117.

United States Court of Appeals, Ninth Circuit.

July 11, 1972.

Rehearing Denied Aug. 22, 1972.

Victor Sherman, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., Richard C. Chier, of Aberson, Harlow & Chier, Los Angeles, Cal., for defendants-appellants.

William D. Keller, U. S. Atty., Paul G. Flynn, Eric C. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before KOELSCH, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

These are separate appeals from convictions under a one-count indictment charging both defendants with violation of 21 U.S.C. § 841(a) (1) (possession of cocaine with intent to distribute). The defendants were tried without a jury on a stipulated set of facts. They raise identical issues on appeal which their separate counsel argue in briefs which have an almost word for word similarity. We affirm.

The first contention is that the indictment should have been dismissed because percipient witnesses were not called before the grand jury, but reliance was upon hearsay evidence; also, that appellants should have had preliminary hearings. Both contentions are erroneous. As to the hearsay argument, Jack v. United States, 409 F.2d 522, 523–524 (9th Cir. 1969), holds contra, following Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Likewise, an indictment establishes probable cause and makes a preliminary hearing unnecessary. See Byrnes v. United States, 327 F.2d 825, 834 (9th Cir.), cert. denied, 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739 (1964). The complaint of delay in securing the indictment is not borne out.

It was not error to refuse the appellants access to the grand jury transcript. The defendants did not testify before the grand jury. United States v. Goetluck, 433 F.2d 971 (9th Cir. 1970), cert. denied, 401 U.S. 1011, 91 S.Ct. 1264, 28 L.Ed.2d 548 (1971); see Fed.R.Crim. P. 16(a). The government submitted the transcript under seal to the trial court five days before trial, as ordered. The transcript, as to witnesses other than the defendants, is covered by the Jencks Act, 18 U.S.C. § 3500, and is not available until the grand jury witness has completed his trial testimony. Here, the grand jury witness was not one called or to be called at trial.

Neither of appellants admitted the offense; hence, neither was entitled to the defense of entrapment. United States v. Rodriguez, 446 F.2d 859 (9th Cir. 1971).

Appellants contend that it was error to refuse to suppress a tape-recorded conversation between defendant Kidd and a government informant. Not so. The recording was made with the permission of the informant. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). The final claim, that the statute under which the convictions were secured is unconstitutional, is frivolous.

The request for oral argument is denied and the judgment in each case is affirmed.