UNITED STATES of America, Plaintiff-Appellee,

v.

John H. YOUNG, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Grady Roger McLEOD, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Avell C. WILLIAMS, Defendant-Appellant.

Nos. 72-1652, 72-1619, 72-1620.

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1972.

Rehearing Denied Feb. 14, 1973 in No. 72-1619.

Rehearing Denied Feb. 23, 1973 in No. 72-1620.

Certiorari Denied March 5, 1973. See 93 S.Ct. 1444.

Charles Sevilla (argued), San Diego, Cal., Martha Goldin (argued), Alan Saltzman, of Saltzman & Goldin, Hollywood, Cal., Howard E. Beckler (argued), of Beckler & Stevens, Hollywood, Cal., for defendants-appellants.

Lyn I. Goldberg, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ELY and TRASK, Circuit Judges, and TALBOT SMITH, District Judge *.

* Honorable Talbot Smith, Senior United States District Judge, for the Eastern District of Michigan, sitting by designation.

PER CURIAM:

Appellants were tried by a jury and convicted on four counts involving conspiracy and smuggling of heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960 and 963. We affirm.

■ Appellants McLeod and Williams contend the evidence was insufficient to support the convictions. In viewing the evidence in the light most favorable to the government, we cannot say that it was insufficient. *See* Glasser v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680 (1942). McLeod was present when appellant Young offered to pay a co-conspirator Jefferson $200 to "make a run." Jefferson agreed. Thereafter, McLeod participated in helping to construct the "stash" compartment in the load car, providing the others with an electric saw from his own car. Williams claims to have been an innocent bystander who permitted his friends to work on their car in his driveway. Evidence was presented by the government showing that Williams had more than a casual acquaintance with the co-conspirators; that Williams' house was the agreed meeting place where the "stash" compartment was constructed; that Williams provided the others with a drill and stood close by talking with the others while part of the work on the car was being done; and that a call was made from the Williams' residence to Tijuana on the afternoon of the smuggling venture. On the basis of this evidence, the jury had sufficient support for a finding of guilt.

■ A second point raised by Williams claims error in admitting telephone records into evidence. Direct proof of his identity as the caller is not required. The circumstantial evidence connecting him with the calls was adequate foundation for admission of the telephone records against him. United States v. Estrada, 441 F.2d 873, 878 (9th Cir. 1971); Carbo v. United States, 314 F.2d 718, 743 (9th Cir. 1963), cert. denied, sub nom. Palermo v. United States, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498 (1964).

■ Appellants claim they should have been provided a list of government witnesses prior to the day of the trial. The government, however, is not required to disclose the names of its witnesses. United States v. Glass, 421 F.2d 832 (9th Cir. 1969); Rosenzweig v. United States, 412 F.2d 844 (9th Cir. 1969).

■ Motions for a continuance are within the sound discretion of the trial judge. United States v. Beaty, 465 F.2d 1376 (9th Cir. 1972) (motion for a continuance to substitute counsel); United States v. Harris, 436 F.2d 775 (9th Cir. 1970) (motion for a continuance to obtain witnesses); United States v. Wheeler, 434 F.2d 1195 (9th Cir. 1970) (motion for a continuance based on a lack of preparation). This court will not disturb the trial judge's denial of the motion for a continuance without a clear showing of abuse which does not appear here.

■ Finally, the challenged uncalled-for statements of the testifying government agents must be considered against the context of the entire trial record.[1] Schoepflin v. United States, 391 F.2d 390, 395 (9th Cir.), cert. denied 393 U.S. 865, 89 S.Ct. 146, 21 L.Ed.2d 133 (1968). Under that test the remarks cannot have had a substantial influence on the jury verdict in this case. The trial court's denial of motions for mistrial was not reversible error.

The judgment is affirmed.

---

1. Asked what his duties were, Officer Hayes responded, "I investigate people who are in the business of selling dope." Officer Tusan, describing his surveillance, stated that he verified the residences of the defendants and then stated, "I also verified two other associates of the original names of the alleged peddlers."

The latter portion of the answer of Tusan was stricken upon motion and the jury was admonished to disregard it. There was no such motion made as to the statement of Officer Hayes.