**UNITED STATES of America, Plaintiff,**

v.

**Paul W. JOHNSON, Defendant.**

No. CR–2–79–26.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 26, 1979.

Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., John H. Cary, U. S. Atty., Knoxville, Tenn., for plaintiff.

LeRoy Tipton, Jr., Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

After his arrest and prior to his trial herein, the defendant Mr. Johnson moved the Court for an examination at government expense into his present insanity and mental competency to stand trial as well as to his sanity at the time he allegedly committed the offense charged against him in the indictment herein. There is no merit to that application, and it hereby is

DENIED.

■ Ordinarily, it is when the United States attorney of a district has reasonable

cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense that the Court causes the accused to be examined as to his mental condition. 18 U.S.C. § 4244. The prosecuting attorney has not so moved herein. Such an examination may be caused to be made also either on a similar motion in behalf of the accused or upon the Court's own motion, *idem.*, but the standard of reasonable cause to believe present insanity or mental incompetency remains the same when an application is made in behalf of an accused person or by the Court itself. *Cf. Rose v. United States*, C.A.8th (1975), 513 F.2d 1251, 1255–1256[6].

The application of the defendant is supported by the affidavits of himself, his wife and his pastor. Each of these laymen describe the defendant as "depressed"; but, none of them (including the defendant) suggests his present insanity or lack of sufficient mental competency to stand trial or his insanity on or about November 8, 1979, when the crime alleged in the indictment herein is charged to have been committed.

"Depression," in the sense probably visualized in this instance by these affiants refers to an " * * * [a]bsence of cheerfulness or hope: emotional dejection. * * * " Dorland's Illustrated Medical Dictionary (23rd ed.) (Saunders) at p. 366. Mr. Johnson relates in his affidavit how his becoming a bankrupt made him " * * * feel degraded and worthless * * * "; how he had withdrawn from his personal associations; and how dejected emotionally he was over the prospect of the approach of another winter during which he would be required to accept charitable support for himself and his family. The affiant Mrs. Pamela S. Johnson relates how her husband (the defendant) ceased his former practice of attending religious services and became withdrawn, depressed and unaffectionate toward her and their children in August, 1979. The defendant's pastor described him as " * * * depressed, despondent and discouraged. * * * "

None of the facts set forth by the affiants, however, state or provide reasonable cause to believe that Mr. Johnson may be presently insane or mentally incompetent to stand trial. The presumption is that he is sane, *Davis v. United States, II* (1897), 165 U.S. 373, 378, 17 S.Ct. 360, 362, 41 L.Ed. 750, 754, and mentally competent to stand trial. Nothing in any of the affidavits exhibited to the Court by the defendant states or suffices to support a reasonable cause to believe that, on November 8, 1979 Mr. Johnson was not mentally capable of knowing and distinguishing the difference between right and wrong and, while knowing the act to be wrong, he was not mentally capable of controlling his conduct, *cf.* 1 A.L.R.Fed. 978, Federal Crime—Test of Insanity, Form: Instruction Embodying M'Naghten Rule Supplemented by Irresistible Impulse Test, or that he does not " * * * now ha[ve] sufficient ability to consult with his lawyer with a reasonable degree of rational understanding * * * " and lacks " * * * rational, as well as a factual, understanding of the proceedings against him * * * ," *United States v. Stubblefield*, D.C.Tenn. (1971), 325 F.Supp. 485, 486[1].